# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br>Plaintiff/Respondent<br>-vs-<br>**Jose Angel Romero-Lopez,**<br>Defendant/Movant | CR-04-1008-PHX-JAT<br>CV-06-1017-PHX-JAT (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Motion to Vacate, Set Aside, or**<br>**Correct Sentence Pursuant to**<br>**28 U.S.C. § 2255** |

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed an Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on March 2, 2007 (#31). On June 8, 2007, Respondent filed its Response (#36), attacking the merits of the Motion. Movant has not filed a reply, and the time to do so has expired.

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Movant's Plea Agreement includes the following statement of factual basis:

> I am not a citizen or national of the United States. I was deported, excluded, or removed from the United States through Calexico, California on December 4, 2003. I was voluntarily present and found in the United States in or near San Luis, Arizona on September 4, 2004. I did not obtain the express consent of the Secretary of the Department

of Homeland Security to reapply for admission to the United States prior to returning to the United States.

Furthermore, for sentencing purposes, I admit I was convicted of possession of a narcotic controlled substance for sale, a felony, on September 3, 2002 and I was represented by an attorney.  I was sentenced to three years prison.

(Plea Agreement, #12 at 8.)

## B. PROCEEDINGS AT TRIAL

On September 7, 2004, Movant was charged by Complaint (#1) with one count of attempted re-entry after removal, and one count of re-entry after a felony, in violation of 18 U.S.C. § 1326(a) and (b)(2).  He made an initial appearance on September 7, 2004, and attorney Bruce Yancey was appointed to represent Movant.  (M.E. 9/7/04, #2.)   On September 15, 2004, Movant executed a Waiver of Indictment (#4), consenting to proceeding by way of information.  On the same day Movant executed a Consent (#5) to plead guilty before a magistrate judge, and an Information (#6) was filed, which again charged Movant with one count of attempted re-entry, and one count of re-entry.

Movant subsequently entered into a written Plea Agreement (#12) in which Movant agreed to plead guilty to Count II (re-entry) in exchange for dismissal of Count I (attempted re-entry).  The Government stipulated to an appropriate sentence, dependent upon Movant's criminal history, the resulting offense level under the United States Sentencing Guidelines, and various agreed upon adjustments.  It was agreed that Movant would receive a three-level downward departure for acceptance of responsibility.  It was agreed that a Level 24 Offense would be adjusted by a four level downward departure for savings to the government pursuant to U.S.S.G. § 5K3.1, yielding a sentencing range of 24 to 63 months.  A Level 20 0ffense would receive a two level departure, for a range of 18 to 51 months, and a Level 16 Offense would receive a one level departure, for a range of 10 to 37 months.  (#12 at 3-4.)

In addition, the plea agreement contained the following  waiver of Movant's rights to appeal and collaterally attack his conviction and sentence.

The defendant waives any and all motions, defenses, probable

cause determinations, and objections which the defendant could assert to the information or indictment or the Court's entry of judgment against the defendant and imposition of sentence upon the defendant (including any constitutional claims pursuant to *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and its progeny) providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

(#12 at 5.)

On September 15, 2004, Movant entered his plea of guilty before the undersigned magistrate judge (M.E. 9/15/04, #7), who found the plea to have been knowingly and voluntarily made and recommended that it be accepted. (Findings, #8.)

Movant appeared for sentencing before District Judge Teilborg on November 29, 2004. Movant's plea was accepted and Movant was sentenced to a term of 63 months. (M.E. 11/29/04, #10; Judgement, #11.)


## C. PROCEEDINGS ON DIRECT APPEAL

On December 9, 2004, Movant filed a *pro se* Notice of Appeal and Collateral Attack (#13), arguing that defense counsel had lied and coerced Movant into entering a guilty plea, and that counsel failed to address Movant's need for drug rehabilitation. The filing was treated as a notice of appeal, and new counsel was appointed to represent Movant on appeal. (Order 1/28/05, #15.) On March 17, 2006, the Ninth Circuit Court of Appeals dismissed the appeal in light of the valid appeal waiver. The Mandate (#23) was issued the same date.


## D. PRESENT MOTION TO VACATE

**Original Motion** - Movant filed his original Motion to Vacate (#24) on April 11, 2006. Movant's motion asserted two grounds for relief: (A) Movant's plea agreement was coerced by counsel's representation that Movant would receive a sentence of 120 months if

he did not accept the plea agreement; and (B) counsel was ineffective for failing to explain the plea agreement, or otherwise adequately advise Movant of his options.

On September 28, 2006, Respondent filed its Response (#28), conceding that Movant's motion was timely, but arguing that Movant failed to establish ineffective assistance of counsel, based upon an affidavit of trial counsel that reflects that he advised Movant that without the benefits of the plea agreement, a conviction with his criminal history would result in a sentencing range of 100 to 125 months.

Movant filed a Reply (#29) asserting: (1) denial of his Fifth Amendment Right to prosecution on a grand jury indictment; (2) that any waiver of that right was unknowingly made; (3) counsel was ineffective for failing to assert Movant's right to an indictment and for failing to raise the absence of an allegation of a prior conviction in the information; (4) counsel was ineffective for waiving Movant's right to appeal; (5) Movant's waiver of appeal rights was not knowingly made; (6) Movant was improperly sentenced under the United States Sentencing Guidelines, as determined by *United States v. Booker*, 125 S.Ct. 738 (2005), because Movant's sentence was derived from an offense level based on facts not proven to a jury or admitted by Movant; (7) Movant's rights under the Vienna Convention Treaty Act, Article 36 were denied when he was not advised of his right to report to his Embassy/Consular office.

In an Order filed February 15, 2007 (#30), noting that the Reply asserted new grounds for relief which would not otherwise be considered, the Court gave Movant twenty days to amend his Motion to Vacate. In response, on March 2, 2007, Movant filed an Amended Motion to Vacate (#31). The Court construed that filing as including a motion to amend (Order 4/3/7, #33), which was eventually granted (Order 5/23/7, #35).

**Amended Motion** - Movant's Amended Motion asserts the following four claims for relief: (1) he was denied his right to prosecution on a grand jury Indictment; (2) (a) that any waiver of his right to indictment was unknowingly made, (b) that he received ineffective assistance of counsel when he waived his right, and (c) that his sentence exceeds the statutory maximum; (3) that his waiver of his appeal rights was not knowingly made because of his

- 4 -

ineffective assistance of counsel; and (4) that he was improperly sentenced under *U.S. v. Booker*, 543 U.S. 220 (2005) and *Blakely v. Washington*, 542 U.S. 296 (2004).

On April 16, 2007, Respondent filed its Response (#36) to the Amended Motion, arguing that: (1) Movant was advised of his rights to a grand jury indictment, and received effective assistance of counsel, and therefore his plea and waiver were knowingly entered; (2) that Movant's sentence was within the authorized range, and was enhanced only by his prior convictions; (3) Movant fails to establish that counsel was ineffective for allowing Movant to waive his appeal rights; (4) Movant's sentence was increased solely upon the basis of his prior convictions, which may properly be found by the judge at sentencing, and which Movant admitted; and (5) Movant is not entitled to an evidentiary hearing.

The Court's order granting Movant's motion to amend directed Movant to file a reply within 30 days of service of a response to this amended motion. (Order 5/23/7, #35.) Movant did not reply, and the time to do so has now run.

### III. APPLICATION OF LAW TO FACTS

### A. WAIVER OF RIGHT TO GRAND JURY INDICTMENT

For his first ground for relief Movant argues that he was denied his right to prosecution on a grand jury indictment. Rather than being denied that right, Movant waived it. On September 15, 2004, Movant executed a Waiver of Indictment (#4), consenting to proceeding by way of information.

At the time of his execution of the waiver, at his change of plea hearing, Movant was advised of and agreed to waive that right:

> THE COURT: Under the Constitution of the United States you have the right to have a Grand Jury review your case. A Grand Jury is made up of at least 16 but not more than 23 people. And at least 12 of those people must agree that there is probable cause to believe you did what you're accused of doing in order for your case to proceed.
>
> If your matter were presented to a Grand Jury, it might or it might not decide that your case should proceed. If they decided your case should proceed, they would sign what's called an Indictment. You would be indicted. Instead of an Indictment your case has been brought today by that Information signed by the prosecutor not the Grand Jury. You have the right to insist upon a review and an Indictment by

- 5 -

the Grand Jury, but you can give up that right and agree to proceed here today on the Information signed by the prosecutor.

Those are your rights to have a Grand Jury Indictment.  Do you understand them?

THE DEFENDANT: Yes.

THE COURT: Have you discussed with your lawyer giving up your right to a Grand Jury Indictment?

THE DEFENDANT: Yes.

THE COURT: Have any threats or promises been made to you to cause you or induce you to give up your rights to have a Grand Jury Indictment?

THE DEFENDANT: No.

THE COURT: Do you wish to sign a written waiver at this time and give up your right to a Grand Jury Indictment?

THE DEFENDANT: Yes.

(R.T. 9/15/04, #20 at 8-9.)

This first ground for relief is without merit.

## B.   VALIDITY OF WAIVER OF GRAND JURY INDICTMENT

As part of his second ground for relief, Movant asserts that any waiver of his right to indictment was unknowingly made because: (1)  he still does not understand the right, and (2) it was constitutionally deficient performance for counsel to allow Movant to plead guilty on the basis of the Information.  (#31 at 5.)

## 1.  Movant's Understanding of Right

Movant offers nothing to support his contention that he still "does not understand the 'Grand Jury Indictment'."  (#31 at 5.)  He offers no argument why the explanation of the Grand Jury and Indictment process, and his rights thereto, as given to him at his change of plea hearing was not adequate for him to understand his right.

## 2.  Ineffective Assistance of Counsel

Further, Movant offers nothing to explain why counsel was deficient for allowing Movant to plead to the Information.  Claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).  In order to prevail on such a claim, Movant must show:  (1) deficient performance - counsel's representation fell below

1   the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability

2   that, but for counsel's unprofessional errors, the result of the proceeding would have been

3   different. *Id.* at 687-88, 694.

4         **Deficient Peformance** - Movant does not explain why it was deficient performance

5   for counsel to allow Movant to plead to the Information.  A deficient performance is one in

6   which counsel's errors were so great he or she was not functioning as the counsel guaranteed

7   by the Sixth Amendment.  *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986).  An objective

8   standard applies to proving such ineffectiveness, and requires a defendant to demonstrate that

9   counsel's actions were "outside the wide range of professionally competent assistance."

10  *United States v. Houtcens*, 926 F.2d 824, 828 (9th Cir. 1991)(quoting *Strickland*, 466 U.S.

11  at 687-90).

12        Here, the only deficiency pointed to by Movant is trial counsel's allowing him to

13  plead to the information.  However, competent counsel routinely advise their clients to waive

14  their rights to a grand jury indictment and to plead guilty to an information, particularly

15  where, as here, there are substantial benefits to be obtained by doing so, and little to be

16  gained by insisting on an indictment.

17        Given the relatively straightforward burden of proof in an illegal re-entry case, there

18  was a high likelihood that the Government could have obtained an indictment against

19  Movant.  While there could conceivably be other marginal, tactical benefits to insisting on

20  an indictment in a particular case, Movant has not suggested why that would have been so

21  in this case.

22        Further, Movant had much to gain by the waiver.  The Government's proffered plea

23  agreement was conditioned upon Movant's participation in it's "fast track" program, which

24  included waiver of indictment.  As a result of that agreement, Movant obtained not only

25  dismissal of one count, but an agreement that Movant would receive a three-level downward

26  departure for acceptance of responsibility, plus an additional downward departure for savings

27  to the government pursuant to U.S.S.G. § 5K3.1.  (#12 at 3-4.)  Had counsel insisted on a

28  grand jury indictment "the plea offer would have been withdrawn and that and [sic]

1  subsequent offer would not be as favorable to the defendant, Jose Romero-Lopez, as the 'fast

2  track plea offer'."  (Aff. of Trial Counsel, Exhibit C to Response, #36.)

3      In short, Movant offers no explanation why, given the circumstances, it was deficient

4  for counsel to advise Movant to plead guilty to the Information.

5      **Prejudice** - Moreover, in the context of a guilty plea, Movant must prove he was

6  prejudiced from that ineffectiveness by demonstrating a reasonable probability that but for

7  his attorney's errors, he would not have pleaded guilty and would have insisted on going to

8  trial.  *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985).  The defendant must show "that but for

9  counsel's errors, he would either have gone to trial or received a better plea bargain."  *U.S.*

10  *v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004).   Movant makes no such allegations.

11  Moreover, given the considerable benefits of sentencing provided for under the terms of the

12  plea agreement, and the relatively straightforward burden of proof in an illegal re-entry case,

13  the undersigned would find any such allegations highly suspect.

14      **Conclusion** - Movant has failed to establish that his waiver of his grand jury rights

15  was not knowingly and voluntarily entered.  Accordingly, this portion of Ground Two is

16  without merit.

17

18  **C.  WAIVER OF APPELLATE RIGHTS**

19      For his Ground Three for relief, Movant argues that his waiver of his appeal rights:

20  (1) was not knowingly made because counsel was ineffective by giving bad advice, and (2)

21  could not validly extend to issues coming up after sentencing.

22

23  **1.  Effect of Ninth Circuit Decision**

24      In denying Movant's direct appeal, the Ninth Circuit noted that Movant had made a

25  "valid appeal waiver."  Ordinarily, the doctrines of *res judicata* and collateral estoppel do not

26  apply to *habeas corpus* proceedings.  *Sanders v. U.S.*, 373 U.S. 1, 8 (1963). However, the

27  law of the case doctrine is applicable on federal habeas review.  *Shore v. Warden*, 942 F.2d

28  1117, 1123 (7th Cir. 1991). "The law of the case doctrine 'ordinarily precludes a court from

re-examining an issue previously decided by the same court, or a higher appellate court, in the same case.'" *U.S. v. Caterino*, 29 F.3d 1390, 1395 (9th Cir. 1994) (quoting *U.S. v. Maybusher*, 735 F.2d 366, 370 (9th Cir. 1984), *cert. denied*, 469 U.S. 1110 (1985)). Under this doctrine, a district court will ordinarily refrain from acting if an appellate court previously has issued a decision on the merits of the claim. *U.S. v. Caterino*, 29 F.3d at 1395. Thus, the Ninth Circuit has long held that "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent petition under § 2255." *Stein v. U.S.*, 390 F.2d 625, 626 (9th Cir. 1968).

Here, it is not apparent to the undersigned whether the Ninth Circuit assumed or determined that the appeal waiver was valid. To the extent that the matter was litigated before them, their findings would be the law of the case and binding in this proceeding. Because Respondent has not relied upon the Ninth Circuit's decision, and the outcome is not affected thereby, the undersigned will address the merits of the claim.

**2. Permissibility of Waiver**

Movant argues that his waiver of his appeal rights could not validly extend to issues coming up after sentencing. He asserts that "it is well settled that a person cannot waive the right of issues if comes up after the sentencing." (Amended Motion, #31 at 7.)

Some constitutional rights are automatically waived by entering an unconditional guilty plea.[1] Of the rights that survive entry of a guilty plea, some still may be expressly waived through plea agreements.[2] Some rights, however, can never be waived. For example,

---

[1] Such rights include, among others, the right to a jury trial, the right to confront one's accusers, and the right to invoke the privilege against self-incrimination, *McCarthy v. United States*, 394 U.S. 459, 466 (1969), as well as the right to challenge constitutional defects which occur before entry of the plea. *United States v. Broce*, 488 U.S. 563, 573-74 (1989).

[2] For example, defendants generally may agree to waive the right to appeal the conviction and sentence, *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996), and the right to file a civil suit under 42 U.S.C. § 1983 seeking redress for government violations of constitutional rights. *Newton v. Rumery*, 480 U.S. 386, 397-98 (1987).

1    a plea agreement cannot bar defendants from asserting: "claims involving a breach of the plea

2    agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed

3    in excess of a maximum statutory penalty," *Baramdyka*, 95 F.3d at 843; the right to a

4    unanimous jury verdict, *United States v. Ullah*, 976 F.2d 509, 512 (9th Cir.1992); or a speedy

5    trial, *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir.1997); the right to receive

6    impeachment and exculpatory Brady evidence, *U.S. v. Ruiz,* 241 F.3d 1157 (9th Cir. 2001).

7            Movant offers no authority showing a limitation on waivers of issues "com[ing] up

8    after the sentencing."  Nor does Movant explain what issue in his case has "come[] up after

9    the sentencing."  The things of which Movant complains all occurred at sentencing or prior

10   thereto, *i.e.* in the course of entering his plea.

11           This argument is without merit.[3]

12

13   **3.  Validity of Waiver**

14           Movant argues that his waiver of his appeal rights was not knowingly made because

15   counsel gave "bad advices and mischaracterization come out of this case."    (Amended

16   Motion, #31 at 7.)

17           It is true that a waiver of rights of appeal or collateral attack must be made

18   "knowingly and voluntarily."  *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994).

19   Whether a particular waiver was made "knowingly and voluntarily" is a determination made

20   by looking to the circumstances surrounding the signing and entry of the plea agreement. *See*

21   *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir.1991). The Supreme Court has stated

22   that "a defendant who pleads guilty upon the advice of counsel 'may only attack the

23   voluntary and intelligent character of the guilty plea by showing that the advice he received

24   from counsel was [ineffective].' " *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (internal

25   quotation marks and citation omitted).  Thus, if Movant could show that counsel's advice

26   _____

27           [3] To the extent that Movant asserts "an illegal sentence imposed in excess of a
     maximum statutory penalty," *Baramdyka*, 95 F.3d at 843, those issues will be addressed
28   hereinafter.

1    was deficient, then his waiver could be rendered involuntary and thus invalid.

2           However, Movant does not explain how counsel's advice was deficient. "It is

3    well-established that mere conclusory allegations are not sufficient to warrant relief under

4    a § 2255 motion." *Stein v. U.S.*,  390 F.2d 625, 627 (9th Cir. 1968).

5           This argument is unsupported and is without merit.

6           **4.  Summary** - Arguably the Ninth Circuit finding of a valid waiver of appeal rights

7    is the law of the case.  To the extent that it is not, Movant has failed to show herein that his

8    appeal rights were not knowingly and voluntarily made.  Accordingly, Movant's Ground

9    Three is without merit.

10

11   **D.  UNAUTHORIZED SENTENCE**

12          In his second ground for relief, Movant argues that "any sentence above two years

13   exceeds the statutory maximum and violates the Constitution."  (Amended Motion, #31 at

14   5.)   In his fourth ground for relief Movant argues that his rights under *U.S. v. Booker*, 543

15   U.S. 220 (2005) and  *Blakely v. Washington*, 542 U.S. 296 (2004) were violated when the

16   trial court increased his offense level.

17          Respondent argues that Movant's sentence was within the authorized range, and was

18   enhanced only by his prior convictions, which may properly be found by the judge at

19   sentencing, and which Movant admitted.

20          In *Blakely* ,the Supreme Court found that the Washington state sentencing scheme

21   violated the defendant's right to a jury because a judge determined questions of fact necessary

22   to the application of a sentencing enhancement.  In *Booker*, the Court applied *Blakely* to the

23   the U.S. Sentencing Guidelines, rendering the guidelines advisory rather than mandatory, and

24   concluded that any fact, other than a prior conviction, which increases the authorized

25   sentence for a Federal defendant must be established by a guilty plea or found by a jury

26   beyond a reasonable doubt.

27          In sentencing Movant, the Court noted that Movant had pled guilty to violation 8

28   U.S.C. § 1326(a) enhanced by 1326(b)(2), Reentry After Deportation.  That resulted in the

1    Court calculating a sentencing guideline using "a base offense level of 8, with 16 levels

2    added because the defendant was convicted of a drug trafficking offense pursuant to 2L1.1."

3    (R.T. 11/29/04, #18 at 4-5.)   The Court then subtracted three levels for acceptance of

4    responsibility, and departed downwards an additional four levels "pursuant to 5K3.1 for an

5    approved early disposition program." (*Id.* at 5.)   Accordingly, the Court calculated a total

6    offense level of 17, and a Criminal History Category VI, resulting in a sentencing range of

7    51 to 63 months.  (*Id.* at 6.)  Movant was sentenced to 63 months.  (Judgment, #11.)

8            Thus, the only factor utilized to increase Movant's offense level was his prior

9    conviction for a drug-trafficking offense.  However, this was not a fact that the Court found.

10   Rather it was a fact admitted by Movant as part of his plea agreement.

11                   Furthermore, for sentencing purposes, I admit I was convicted of
                     possession of a narcotic controlled substance for sale, a felony, on
12                   September 3, 2002 and I was represented by an attorney.   I was
                     sentenced to three years prison.
13
     (Plea Agreement, #12 at 8.)
14
             Even had Movant not admitted the prior conviction, its existence  could be found by
15
     the trial court.
16
                     Under the Supreme Court's decision in *Almendarez-Torres v.*
17                   *United States,* [523 U.S. 224 (1998)] a judge may enhance a sentence
                     under § 1326(b) for a prior conviction even if the fact of the conviction
18                   was not charged in the indictment, submitted to a jury, or proved
                     beyond a reasonable doubt.  Covian argues that the Supreme Court has
19                   effectively overruled *Almendarez-Torres,* and, relatedly, that recent
                     Supreme Court decisions create constitutional doubt that should compel
20                   us to limit the holding of *Almendarez-Torres* to cases in which the
                     defendant admits the prior conviction during a guilty plea. . . .All of
21                   these arguments, however, are squarely foreclosed by our precedents.
                     We therefore must reject Covian's contention that the district court
22                   could not enhance his sentence based on its own finding of the fact of
                     a prior felony conviction.
23
     *U.S. v. Covian-Sandoval*, 462 F.3d 1090, 1096 (9ᵗʰ Cir. 2006) (internal citations omitted).
24
             Accordingly, Movant's sentence was not improperly enhanced, and this claim is
25
     without merit.
26
     //
27
     //
28
                                                - 12 -

## E.  EVIDENTIARY HEARING

In his prayer for relief, Movant requests an evidentiary hearing.  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir.1998).   No evidentiary hearing is required if it can be " 'conclusively decided on the basis of documentary testimony and evidence in the record.' " *Shah v. U.S.*, 878 F.2d, 1156, 1159 (9th Cir. 1989) (quoting *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir.1989)).  Moreover, mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied*, 451 U.S. 938 (1981).

Movant's claims are either conclusory and unsupported or, as viewed against the record, are plainly without merit, or they are not supported by controlling law.  Accordingly, Movant is not entitled to an evidentiary hearing on his claims.

## F.  APPOINTMENT OF COUNSEL

Finally, Movant's prayer for relief also seeks appointment of counsel.

**Constitution** - It has generally been held that "there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding." *Sanchez v. U.S.*,  50 F.3d 1448, 1456 (9th Cir. 1995).

**Applicable Rules** - Further, under the Rules Governing Section 2255 Proceedings, appointment of Counsel is only *required* when an evidentiary hearing is scheduled and *may* be ordered when complex discovery procedures are invoked. *See* Rules Governing Section 2255 Proceedings Rule 6(a) (appointment for discovery procedures) and 8(c) (appointment for evidentiary hearings).  Here, Movant is not entitled to an evidentiary hearing, and no discovery has been sought.

**Discretionary Appointment** - The Court is authorized by the Criminal Justice Act, 18 U.S.C. § 3006A, to appoint counsel where "the court determines that the interests of justice so require...". 18 U.S.C. § 3006A(a)(2).  The Court's discretion to appoint counsel is

generally restrained by the scope of due process considerations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 107 S.Ct. 1911 (1987). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look* , 718 F.2d 952, 954 (9th Cir. 1983). Movant has not shown a likelihood of success on the merits of his claims, nor has he shown that the legal issues are so complex that he is unable to articulate his claims. Although certainly succinct in doing so, Movant has plainly identified and communicated to the Court plausible, if ultimately unsuccessful, claims.

In these circumstances, the undersigned finds no basis for an appointment of counsel

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's request for an evidentiary hearing and for appointment of counsel be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Movant's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed March 2, 2007  (#31) be **DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration

1    of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en*

2    *banc*).

3

4    DATED: August 27, 2007                    _____

5                                                                    JAY R. IRWIN
                                                              United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28